IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL P. PLATIS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 14-00508-N |
| ) | |
| BP EXPLORATION & PRODUCTION,) | |
| INC., and OIL RECOVERY ) | |
| COMPANY, INC. OF ALABAMA, ) | |
|     Defendants. ) | |

## ORDER

This action is before the Court on the "Motion for Voluntary Dismissal without Prejudice of Defendant BP Exploration & Production, Inc." (Doc. 3) and "Motion to Remand" (Doc. 4) filed by the Plaintiff, Paul P. Platis ("Platis").[1]

The motion for voluntary dismissal moves to Defendant BP Exploration & Production, Inc. ("BP") without prejudice under Federal Rule of Civil Procedure 41(a)(1). (*See* Doc. 3 at 1). As BP has not yet filed an answer or a motion for

---

[1] As the parties are no doubt aware, this case has been randomly assigned to the undersigned United States Magistrate Judge for all purposes, including trial. (*See* Doc. 2 at 1 ("In accordance with 28 U.S.C. § 636(c), the Magistrate Judges of this District Court have been designated to conduct any and all proceedings in a civil case, including a jury or non-jury trial, and to order the entry of a final judgment, **upon the consent of all parties**.")). Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment to a United States District Judge (*see id.* ("The parties have the right to have this action reassigned to a United States District Judge for trial and disposition. Any party may request reassignment by emailing the attached Request for Reassignment to a United States District Judge to sandra_rey@alsd.uscourts.gov. **Do not electronically file the document.**")), there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 1703, 155 L. Ed. 2d 775 (2003) ("We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.").

summary judgment, the Court construes the motion for voluntary dismissal (Doc. 3) as a notice of dismissal of BP under Rule 41(a)(1)(A)(i), which requires no separate order of dismissal and is effective immediately upon filing. *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (Rule 41(a)(1) "grants a plaintiff an unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment. The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required. The fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence." (internal citations omitted)); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant…"). Thus, BP is no longer a party to this action, and the Clerk of Court is **DIRECTED** to terminate BP as such.

Regarding Platis's motion to remand under 28 U.S.C. § 1447(c), such request for relief is premised entirely on the proposition that "[s]ubsequent to Plaintiff's dismissal of Defendant BP Exploration and Production, Inc., no subject matter jurisdictional grounds exist, as to the action pending against Defendant Oil Recovery Company, Inc. in this Court." (Doc. 4). However, a review of the Complaint (Doc. 1-1 at 3-10) indicates that Platis's state-law negligence and wantonness claims against the remaining Defendant, Oil Recovery Company, Inc. ("ORC"), are still premised primarily on activities related to the Deepwater Horizon oil spill clean-up. BP's notice of removal (Doc. 1), to which ORC consented (Doc. 1-2), provides two plausible arguments, supported by caselaw, as to why there is subject matter jurisdiction over this action based on the Outer Continental Shelf Lands Act

2

("OCSLA"), 43 U.S.C. § 1331, *et seq.*, and Platis has provided no authority indicating otherwise.

Moreover, even assuming that the post-removal dismissal of BP has eliminated the basis for federal jurisdiction in this action, "a district court's removal jurisdiction is determined at the time of removal, and 'events occurring after removal ... do not oust the district court's jurisdiction.' " *Smith v. Wynfield Dev. Co., Inc.*, 238 F. App'x 451, 455 (11th Cir. 2007) (quoting *Poore v. Am.-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000)). "[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007). *See also IMFC Prof'l Servs. of Florida, Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 157 (5th Cir. Unit B 1982)[2] ("[A]mendment of a complaint…to eliminate a federal question does not oust a court of jurisdiction (absent sham pleading)…"); *Nelson v. Whirlpool Corp.*, 727 F. Supp. 2d 1294, 1301 (S.D. Ala. 2010) (Steele, C.J.).

Accordingly, it is **ORDERED** that Platis's motion to remand (Doc. 4) is **DENIED**, without prejudice to his ability to timely file another motion to remand that is supported by sufficient argument and authority. Should ORC timely file a notice that it consents to remand, the Court will reconsider the motion (Doc. 4).[3]

---

[2] In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit.

[3] The Court is aware that on November 4, 2014, the United States Judicial Panel on Multidistrict Litigation has entered a conditional transfer order for this action under Rule 7.1 of the Panel's Rules of Procedure. *See IN RE: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. MDL No. 2179, Doc. 1838. However, that "order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana[,]" and "[t]he transmittal of th[e]

3

**DONE** and **ORDERED** this the 6th day of November 2014.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

order to said Clerk [has] be[en] stayed 7 days from the entry thereof." (*Id.*). Moreover, "[i]f any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel." (*Id.*). Until the conditional transfer order becomes effective, this Court may still act in this action. *See* Rule 2.1(d) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("The pendency of a…conditional transfer order…does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer…shall be effective only upon its filing with the clerk of the transferee district court.").