IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAUL P. PLATIS,<br>     Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 14-00508-N<br>) |
| OIL RECOVERY COMPANY, INC.<br>OF ALABAMA,<br>     Defendant. | )<br>)<br>)<br>) |

## ORDER

This action is before the Court on the "Motion for Voluntary Dismissal without Prejudice of Defendant Oil Recovery Company, Inc. of Alabama" (Doc. 9) filed by the Plaintiff, Paul P. Platis ("Platis").[1] In the motion, Platis moves to dismiss the remaining Defendant, Oil Recovery Company, Inc. of Alabama ("ORC") (and therefore this entire action) without prejudice under Federal Rule of Civil Procedure 41(a)(2). As ORC has previously filed an answer (Doc. 6), the Court cannot construe the motion as a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Pursuant to Rule 41(a)(2), an action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Such a

---

[1] As the parties were made aware (*see* Doc. 5 at 1 n.1; Doc. 7 at 5; Doc. 10 at 1 n.1), this case has been randomly assigned to the undersigned United States Magistrate Judge for all purposes, including trial. Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment to a United States District Judge, there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 1703, 155 L. Ed. 2d 775 (2003) ("We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.").

dismissal is without prejudice unless otherwise specified by the Court. Fed. R. Civ. P. 41(a)(2). Regarding the Court's discretion under this Rule, the Eleventh Circuit has held:

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then* [sic] *the mere prospect of a subsequent lawsuit,* as a result." *Id.* at 856-57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants,* 781 F.2d at 857 . . .

*Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001) (per curiam). *Accord Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014).

On November 19, 2014, the Court ordered ORC to "file any substantive response it may have in opposition to Platis's motion to voluntarily dismiss this action without prejudice (Doc. 9) no later than **Tuesday, November 25, 2014**[,]" informing ORC that if no such response was filed, "the motion w[ould] be deemed unopposed and the Court w[ould] unconditionally grant the motion on November 26, 2014." (Doc. 10 at 2).

The Court's deadline has passed, with ORC having filed no response in opposition to Platis's motion. Accordingly, it is **ORDERED** that Platis's "Motion for Voluntary Dismissal without Prejudice of Defendant Oil Recovery Company, Inc.

2

of Alabama" (Doc. 9) is **GRANTED** and that this action is **DISMISSED without prejudice**.[2]

Final judgment in accordance with this Order and Federal Rule of Civil Procedure 58 shall issue separately.

**DONE** and **ORDERED** this the 26th day of November 2014.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] On November 4, 2014, the United States Judicial Panel on Multidistrict Litigation entered a conditional transfer order for this action under Rule 7.1 of the Panel's Rules of Procedure. *See IN RE: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. MDL No. 2179, Doc. 1838. However, that "order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana[,]" and "[t]he transmittal of th[e] order to said Clerk [has] be[en] stayed 7 days from the entry thereof." (*Id.*). Moreover, "[i]f any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel." (*Id.*). The Court has not received notice that the conditional transfer order has been made effective, and until the conditional transfer order becomes effective this Court may still act in this action. *See* Rule 2.1(d) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("The pendency of a…conditional transfer order…does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court. An order to transfer…shall be effective only upon its filing with the clerk of the transferee district court.").

3